Case No. 1:26-cv-815 (JEB)

# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

COALITION FOR INDEPENDENT
TECHNOLOGY RESEARCH,

        Plaintiff,

      v.

MARCO RUBIO, in his official capacity as
Secretary of State; KRISTI NOEM, in her
official capacity as Secretary of Homeland
Security; and PAMELA BONDI, in her
official capacity as Attorney General of the
United States,

        Defendants.

Civil Action No. 1:26-cv-00815 (JEB)

### [PROPOSED] PROTECTIVE ORDER BARRING RETALIATION AND RESTRICTING DEFENDANTS' USE OF INFORMATION DISCLOSED IN THE COURSE OF LITIGATION

The Court, on consideration of Plaintiff's motion and having found that good cause exists for issuance of an appropriately tailored protective order governing the above-captioned action, sets forth the following Order to prevent government retaliation against Plaintiff CITR, its fiscal sponsor, or its members for their participation in this lawsuit, and to restrict Defendants' use of information disclosed in the course of this lawsuit.

It is hereby **ORDERED** that any person subject to this Order—including without limitation the parties to this lawsuit, their attorneys, representatives, officers, agents, servants, employees, experts and consultants, acting as such, other persons who are in active concert or participation with the foregoing, and all other interested persons with actual or constructive notice of this Order—shall adhere to the following terms, on pain of contempt:

## ORDER

1.      **Scope of Order.** The following terms, conditions, procedures, and restrictions govern with respect to documents, electronic data, testimony, and any other information of any kind produced, exchanged, or elicited in this lawsuit.

2.      **Duty to Inform.** As soon as practicable, but no more than seven days from the issuance of this Order, counsel for Defendants shall explain its terms to all their officers, agents, representatives, and employees in any way connected with the subject matter of this lawsuit to ensure their understanding of this Order and the necessity for strict compliance with its terms. Defendants shall make ongoing, diligent efforts to remind such persons and apprise new officers, agents, representatives, and employees in any way connected with the subject matter of this lawsuit of their obligations under this Order.

3.      **Restrictions on Use of Information Disclosed in Litigation.** Defendants shall not use information filed or disclosed in the course of this lawsuit, including the identities and immigration statuses of noncitizens, in connection with any effort to deny visas to, revoke the visas of, arrest, detain, deport, adversely adjust the immigration status of, or deny any other immigration benefit to noncitizens who submit declarations, testify as witnesses, provide evidence, or are otherwise identified through this lawsuit. Nor may Defendants use or share information filed or disclosed in the course of this lawsuit to investigate, or to share with any other governmental entity for the purpose of investigating, Plaintiff or its fiscal sponsor. This restriction does not apply to the use of information that both (1) constitutes material evidence of a crime unrelated to the expressive or associational activities that are the subject of this lawsuit, *and* (2) is used solely for the purpose of investigating and prosecuting such a crime. If there is any doubt about whether these conditions are satisfied, Defendants must file with this Court a motion seeking clarification

2

and await this Court's resolution of that motion before proceeding. The parties agree to request that the Court resolve any such motion in a timely fashion.

4.     **Prohibition Against Retaliation.** Defendants shall not deny visas to, revoke the visas of, arrest, detain, deport, adversely adjust the immigration status of, deny any other immigration benefit to, or otherwise take any adverse action against noncitizens in retaliation for their participation, or their family member's or colleague's participation, in this lawsuit.

5.     **Notice of Actions Posing Heightened Risk**. If Defendants take or intend to take any of the following adverse actions against a noncitizen member of CITR (including their family members) who submits a declaration, testifies as a witness, provides evidence, or is otherwise identified in connection with this lawsuit—(1) denial of admission or reentry, (2) visa or status revocation, (3) removal, (4) arrest or detention pending removal, or (5) denial of naturalization or adjustment of status—Defendants shall notify Plaintiff's counsel and the affected noncitizen. Defendants shall provide such notice as soon as practicable, and no later than seventy-two hours before Defendants take the covered action, unless extraordinary circumstances justify a delay. At the same time that they provide that notice, or as soon as practicable afterward, Defendants shall file on this docket an explanation of the basis for their actions, their contention that the actions do not violate this Order, and, if the notice was not provided at least seventy-two hours in advance of the covered action, an explanation of the circumstances necessitating delay. That filing shall identify the independent chain of events leading to the adverse action that does not rely on or derive from information obtained from this lawsuit. Defendants may move for the redaction of any sensitive details in that filing.

6.     **Procedure for Challenging Violations.** The parties shall meet and confer regarding any potential violation, after which the objecting party may seek relief from the Court.

**7.**      **Modification.** This Order may be modified by further order of the Court. A party may move, after notice to the other party, for relief from or modification of any of its provisions, or to seek or agree to different or additional protections.

**8.**      **Retention of Jurisdiction.** The provisions of this Order shall continue to be binding after the conclusion of this lawsuit, and the Court will retain jurisdiction to enforce this Order following termination of the lawsuit.

SO ORDERED

Dated: _____

_____
THE HONORABLE JAMES E. BOASBERG
CHIEF JUDGE

4

**LCvR 7(K) STATEMENT**

Pursuant to Local Rule 7(k), below is a list of all parties entitled to be notified of this

Proposed Order. No counsel has yet entered in any appearance(s) for the following parties.

Pamela Bondi, in her official capacity as Attorney General of the United States
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

Kristi Noem, in her official capacity as Secretary of Homeland Security
Office of the General Counsel
U.S. Department of Homeland Security
245 Murray Lane, SW
Mail Stop 0485
Washington, DC 20528-0485

Marco Rubio, in his official capacity as Secretary of State
The Executive Office of the Legal Adviser and Bureau of Legislative Affairs
600 19th Street NW, Suite 5.600
Washington, DC 20522

U.S. Attorney's Office for District of Columbia
Civil Process Clerk
601 D Street, NW
Washington, DC 20530

5