UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

COALITION FOR INDEPENDENT
TECHNOLOGY RESEARCH,

Plaintiff,

v.

MARCO RUBIO, in his official capacity as
Secretary of State; KRISTI NOEM, in her
official capacity as Secretary of Homeland
Security; and PAMELA BONDI, in her
official capacity as Attorney General of the
United States,

Defendants.

Civil Action No. 1:26-cv-00815

## DECLARATION OF CITR MEMBER A

I, CITR Member A, pursuant to 28 U.S.C. § 1746, declare and state as follows:

1. I am a member of the Coalition for Independent Technology Research ("CITR"), which is the plaintiff in this matter. I am submitting this declaration in support of CITR's motion for a preliminary injunction.

2. I am over the age of eighteen. I have personal knowledge of the facts stated in this declaration, and, if called to testify, I could and would competently do so under oath.

3. I am a lawful permanent resident of the United States. I obtained my lawful permanent resident status through the EB-1A category for those with "extraordinary ability," based on my expertise in content moderation, among other topics.

4. I currently serve as a research director for a research group at a university in the Northeast. The research group is an organizational member of CITR.

5.      For years, I have researched and published scholarship on content moderation, among other topics. Through my work, I have advocated for the adoption of alternative approaches to content moderation to better address harm on social media platforms.

6.      Over the past several months, I have closely followed the Trump administration's new U.S. immigration policy targeting individuals working in fields including misinformation and disinformation, fact-checking, content moderation, trust and safety, or compliance (the "Censorship Policy" or "Policy").

7.      Before the administration adopted the Censorship Policy, I planned to continue my research and writing on topics relating to content moderation. Because of the fear that I will be targeted for detention and deportation under the Policy based on this work, however, I have shifted the focus of my research and writing to topics I believe may be considered more politically neutral.

8.      The Censorship Policy has also deterred me from speaking publicly about my work. I have previously published op-eds on topics relating to my work, and I still wish to do so. I no longer do so, however, because of the fear that I will be targeted for detention and deportation under the Policy as a result. I also previously posted on social media about my research and other topics, but now, because of the Policy, I feel compelled to weigh the risks and benefits of every public post, which causes me significant emotional distress.

9.      The Censorship Policy has also deterred me from associating with colleagues at international conferences. Concerned that I would be denied reentry to the United States under the Policy, I now refrain from traveling internationally, including to conferences I would have otherwise attended, such as CITR's Independent Technology Researchers' Summit held in Berlin, Germany in September 2025; another conference held in Europe in October 2025 that focused on my core areas of expertise and for which I served as a workshop organizer; and another conference

that is scheduled to be held in Europe in July 2026 that will focus on my areas of expertise. These conferences offered important opportunities for me to build relationships with colleagues, including other CITR members, and to collaboratively generate new research ideas. Because of the Policy, however, I felt compelled to forgo travel to these international conferences, and I will continue to forgo international travel indefinitely, significantly impairing my ability to share my work and to associate and collaborate with colleagues.

10.    The Censorship Policy has also deterred me from engaging in public advocacy with CITR and publicly associating with other CITR members. Before Defendants adopted the Policy, I participated in multiple public CITR events and discussions, and I worked with CITR members on public advocacy campaigns relating to online safety and researchers' data access. I even co-authored an op-ed addressing these issues. I still wish to participate in these activities. Because of the fear that I will be targeted for detention and deportation under the Policy based on these activities, however, I have limited my involvement with CITR and its public advocacy to a behind-the-scenes role.

11.    If the Policy were no longer in place, I would be substantially more likely to resume my research and writing in my primary areas of expertise and resume speaking freely and publicly about my work, including by publishing op-eds and social media posts, and by attending, sharing my research, and associating with colleagues at international conferences, including CITR conferences. If the Policy were no longer in place, I would also be substantially more likely to resume my public advocacy with CITR and my public association with other CITR members.

12.    I am submitting this declaration anonymously because I fear that my connection to this lawsuit could lead to my detention and deportation, or the targeting of my noncitizen family members or colleagues, in retaliation for my participation in this lawsuit.

3

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: March 24 , 2026                    /s/ CITR Member A
                                                Signature for CITR Member A

                                                Signed copy maintained by Plaintiff's counsel.