**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

COALITION FOR INDEPENDENT
TECHNOLOGY RESEARCH,

      Plaintiff,

    v.

MARCO RUBIO, in his official capacity as
Secretary of State; KRISTI NOEM, in her
official capacity as Secretary of Homeland
Security; and PAMELA BONDI, in her
official capacity as Attorney General of the
United States,

      Defendants.

Civil Action No. 1:26-cv-00815

## DECLARATION OF EMMA L. BRIANT

I, Emma L. Briant, declare and state as follows:

1. I am a member of the Coalition for Independent Technology Research ("CITR"), which is the plaintiff in this matter. I am submitting this declaration as a member of CITR in support of CITR's motion for a preliminary injunction.

2. I am over the age of eighteen. I have personal knowledge of the facts stated in this declaration, and, if called to testify, I could and would competently do so under oath.

3. I am a citizen of the United Kingdom and an O-1A visa holder in the United States.

4. I am a scholar and academic researcher on contemporary information warfare and propaganda, including disinformation and how such campaigns are increasingly targeted with surveillance. I take particular interest in the implications of these for democracy and for the rights to freedom of expression and freedom of thought. For many years, I have published books, articles, and op-eds; presented my research at international conferences; and participated in policy

discussions on those issues, as well as on the implications for regulating technology industries, the handling of misinformation, and other aspects of trust and safety.

5.     I am currently a Visiting Associate Professor at the Lucy Family Institute for Data and Society, at the University of Notre Dame. I live in Indiana.

6.     I am currently writing a new book, *Propaganda Machine*, which examines the changing architecture of contemporary U.S. propaganda and disinformation that elevated President Donald Trump.

7.     Over the past several months, I have closely followed the Trump administration's new U.S. immigration policy targeting individuals working in fields including misinformation and disinformation, fact-checking, content moderation, trust and safety, or compliance (the "Censorship Policy" or "Policy").

8.     The Censorship Policy has burdened my ability to pursue research and writing projects in my primary area of expertise. Before the administration adopted the Policy, I researched and published books, articles, and op-eds on topics relating to my work, and I traveled internationally to present my research at conferences and participate in policy discussions relating to propaganda and disinformation, among other topics. I intend to continue these activities. Because of the fear that I will be targeted for visa revocation, detention, and deportation under the Policy based on these activities, however, I feel compelled to carefully consider the consequences of every word I write or speak, the details or arguments I include in my writing and talks, and whether I can write and speak on certain topics at all. I also feel compelled to expend substantial time and resources developing alternative plans to continue my life and work outside the United States—in the event the U.S. government does in fact target me under the Policy—despite the fact

2

that I want to be here doing this work, and leaving the United States would seriously disrupt my personal and professional life and my ongoing research projects.

9.      The Censorship Policy has also deterred me from speaking publicly about my work. Before the administration adopted the Policy, I regularly posted about my work on social media, spoke with reporters about my work, and presented my work at domestic and international conferences and events, and I still wish to do so. Because of the fear that I will be targeted for visa revocation, detention, and deportation under the Policy based on these activities, however, I feel compelled to self-censor, sometimes shifting the focus of what I write about or expressing myself in more careful ways, when posting about my work on social media and when speaking with reporters about certain areas of my work. I want to write about what is most important and sometimes I feel I cannot. Moreover, as I am concerned that I might be denied reentry to the United States under the Policy, I now hesitate to travel internationally, including to conferences I would have otherwise attended without question. If I do travel internationally, I feel I need to expend substantial time—which I would have otherwise spent writing—developing strategies to mitigate my risks of being targeted under the Policy, and I feel significant stress when engaging in that risk mitigation planning. For example, I have decided that if I do travel outside the United States, I will delay the publication of forthcoming work until I am safely back in the United States. I also now hesitate to accept invitations to present my work at domestic conferences and events, carefully evaluating the risk that I might be detained or deported under the Policy before the event and, as a result, ultimately be unable to attend.

10.      If the Policy were no longer in place, I would no longer spend significant time and energy managing risks and considering the need to self-censor when conducting research and

writing in my primary areas of expertise, and I would no longer feel compelled to self-censor when speaking publicly about my work.

11.    I spent a considerable amount of time deciding whether to be involved in this lawsuit and, if so, whether to do so under a pseudonym rather than my own name. Despite my fear of being targeted under the Censorship Policy, I decided that I had no choice but to participate and to participate openly. I have a very recognizable career profile, with a direct focus on the areas targeted by the Policy. I therefore believe I would be identifiable even if anonymized, and because of this risk, I now feel safer self-identifying and explaining why I am doing this. I determined that the Policy is a threat to my career and livelihood whether I participate in this case or not, so it is worth fighting for the right to stay. After careful consideration, therefore, I have decided to speak out in my own name, and to stand up with others to defend the work that the Policy seeks to suppress.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: March 24 , 2026

Emma L. Briant

4