**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA**

COALITION FOR INDEPENDENT
TECHNOLOGY RESEARCH,

      Plaintiff,

v.

MARCO RUBIO, in his official capacity as
Secretary of State; KRISTI NOEM, in her
official capacity as Secretary of Homeland
Security; and PAMELA BONDI, in her
official capacity as Attorney General of the
United States,

      Defendants.

Case No.: 1:26-cv-00815 (JEB)

**UNOPPOSED MOTION FOR LEAVE TO FILE BRIEF OF PROPOSED AMICUS
CURIAE THE POYNTER INSTITUTE FOR MEDIA STUDIES, INC.  IN SUPPORT OF
PLAINTIFF'S MOTION FOR SECTION 705 STAY AND PRELIMINARY INJUNCTION**

Proposed amicus curiae, The Poynter Institute for Media Studies, Inc. ("Poynter"),

respectfully moves this Court under Local Civil Rule 7(o) for leave to file the attached brief as

*amicus curiae* in support of the Plaintiff's Motion for Section 705 Stay and Preliminary

Injunction, ECF 11. In support of this relief, Poynter states the following:

1.      This brief is timely filed pursuant to the Court's April 1, 2026, Minute Order,

which set a deadline of April 10, 2026, for amicus briefs.

2.      Counsel for all parties consent to the filing of this brief.  No party or its counsel

had any role in authoring this brief.  No person or entity—other than *amicus* and its counsel—

contributed money to fund the preparation of this brief.

3.      The Court has broad discretion to allow the participation of amici curiae and has found that amicus participation is beneficial when amici have "relevant expertise and a stated concern for the issues at stake in this case." *Dist. of Columbia v. Potomac Elec. Power Co.*, 826 F. Supp. 2d 227, 237 (D.D.C. 2011). Thus, the Court should allow an amicus brief if the amicus presents "unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Jin v. Ministry of State Sec.* 557 F. Supp. 2d 131, 137 (D.D.C. 2008) (quoting *Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1064 (7th Cir. 1997).

4.      The proposed brief addresses how the policy at issue in the instant case poses a threat to press freedom and highlights the vital role fact-checking plays in journalism. The brief explains how the Defendants' policy creates an unconstitutional chilling effect on the protected speech of international and domestic fact-checking journalism, which hinders the press' role in our democracy.

5.      Poynter is uniquely positioned to provide the Court with insight into this issue. Poynter is a global nonprofit institute and research center dedicated to strengthening democracy through improving the relevance, value, and ethical practices of journalism. Poynter knows first-hand the importance of fact-checking journalism internationally and domestically, as well as the undeniable harm caused by government infringement on speech and press freedom. Poynter's perspective offers the Court important considerations on the First Amendment implications of the Defendants' policy that are in tandem with the Plaintiff's arguments and desired relief.

6.      For the above-stated reasons, Poynter respectfully requests that the Court grant its requested relief and accept the attached amicus brief for filing.

Dated: April 10, 2026

Respectfully submitted,

/s/  *Laura R. Handman*
Laura R. Handman (D.C. Bar No. 444386)
Meenakshi Krishnan (D.C. Bar No. 1617229)
DAVIS WRIGHT TREMAINE LLP
1301 K Street, Ste. 500 East
Washington, DC 20005
Telephone: (202) 973-4239

*-and-*

Mark R. Caramanica (FL. Bar. No. 110581)*
Rachael L. Jones (D.C. Bar No.  1616184)*
THOMAS & LOCICERO, PL
601 South Boulevard
Tampa, FL 33606
Telephone: (813) 984-3060
Facsimile: (813) 984-3070
mcaramanica@tlolawfirm.com
rjones@tlolawfirm.com

*Counsel for Amicus Curiae The Poynter
Institute for Media Studies, Inc.*

*\*pro hac vice forthcoming*

3