United States Department of State
Washington, D.C. 20520

SENSITIVE BUT UNCLASSIFIED                May 23, 2025

**Action Memo for the Secretary**

FROM:    R – Darren Beattie, Senior Official, Under Secretary for Public
Diplomacy

SUBJECT:    (U) Imposing Visa Restrictions on Foreign Nationals Involved in
Censorship or Attempted Censorship in the United States

**(U) Recommendation 1:** That you approve a policy under Section
212(a)(3)(C) ("3C") of the Immigration and Nationality Act (INA) to restrict
visa issuance for foreign nationals who are responsible for, or complicit in,
censorship or attempted censorship of protected expression in the United States,
and the immediate family members of such persons.  (Approve/Disapprove by
05/28/25)

Decision:    ☑ **Approve**        ☐ **Disapprove**        ☐ **Discuss**

**(U) Recommendation 2:** That you approve the release of a public statement
announcing the policy. (Approve/Disapprove by 05/28/25)
Decision:    ☑ **Approve**        ☐ **Disapprove**        ☐ **Discuss**

**Background**
(U) As noted in Executive Order (E.O.) 14149 of January 20, 2025, "Restoring
Freedom of Speech and Ending Federal Censorship," "the previous administration
trampled free speech rights by censoring Americans' speech on online platforms,
often by exerting coercive pressure on third parties, such as social media
companies, to moderate, deplatform, or otherwise suppress speech that the
Federal Government did not approve. Under the guise of combatting

SBU – DELIBERATIVE PROCESS

'misinformation,' 'disinformation,' and 'malinformation,' the Federal Government infringed on the constitutionally protected speech rights of American citizens across the United States in a manner that advanced the Government's preferred narrative about significant matters of public debate." Under E.O. 14149, it is the policy of the United States to secure the right of the American people to engage in constitutionally protected speech, and to ensure that no Federal Government officer, employee, or agent engages in or facilitates any conduct that would infringe upon the free speech of any American citizen. The Administration's focus on protecting free expression from US Federal Government encroachment is, *a fortiori*, inconsistent with allowing foreign persons and foreign officials to assert authority over protected expression in the United States.

(U) R proposes creating a new visa restriction policy under INA Section 212(a)(3)(C)("3C") covering foreign nationals responsible for, or complicit in, censorship or attempted censorship of protected expression in the United States, and the immediate family members of such persons. Such behavior includes, but is not limited to:

- Threatening arrest for activity on American tech platforms by individuals physically present in the United States;
- Ordering American tech platforms to freeze payments to individuals in the United States for social media posts that were made while physically present in the United States;
- Circumventing international and bilateral legal frameworks to impose censorship demands on US entities and persons
- Requiring that American tech platforms adopt content moderation policies that limit or chill protected expression by individuals in the United States;
- Indicting, legally threatening, detaining, or threatening to detain employees of American tech platforms for not complying with such global content moderation or censorship demands;
- Fining or threatening to fine American tech platforms for not complying with content moderation or censorship demands; and/or
- Requiring American tech platforms provide access to private data on American citizens to satisfy content moderation oversight.

SBU - DELIBERATIVE PROCESS

(U) INA § 212(a)(3)(C) authorizes you to render inadmissible to the United States any alien whose entry "would have potentially serious adverse foreign policy consequences for the United States." Denying visas to foreigners who are responsible for, or complicit in, censorship or attempted censorship of protected expression in the United States would protect U.S. persons and companies from foreign overreach. Consistent with E.O. 14150, America First Policy Directive to the Secretary of State, the foreign policy of the United States protects core American interests and American citizens. Protecting the freedom of expression is a core American interest, and consequently, defending American sovereignty from foreign encroachments is a critical foreign policy interest. Given the Trump Administration's success in rolling back domestic encroachments on free speech, it is critical to ensure these gains are not undermined by foreign officials and individuals. Allowing foreign nationals to travel to the United States despite their involvement in attempts to censor protected expression would undermine this foreign policy objective.

(U) INA § 212(a)(3)(C)(iii) also authorizes you to render inadmissible immediate family members of designated individuals if you determine that their admission would compromise a compelling U.S. foreign policy interest. We recommend including immediate family members as it will increase the impact on the targets themselves and would ensure that they cannot benefit from working in, studying in, or otherwise visiting the United States. Many foreign nationals take great pride in the status conferred by their family's travel to the United States or access to our schools.

(SBU) Unrelated/Deliberative Process Privilege
Unrelated/Deliberative Process Privilege

Unrelated/Deliberative Process Privilege

(U) If approved, R proposes a public announcement of this new policy from you to publicize its general terms. Your announcement of these new restrictions would encourage foreign nationals to take steps to ensure they are not censoring free speech in the United States. Because visa records are confidential, individual applications of INA § 212(a)(3)(C) policy, including the names of the targets, cannot be disclosed publicly. Unrelated/Deliberative Process Privilege Unrelated/Deliberative Process Privilege Pursuant to 22 U.S.C. 2723(a)(1), individual visa denials under this policy must be reported to Congress, along with the factual basis for the determinations.

**Attachments:**
Tab 1 – Implementation Guidelines
Tab 2 – Public Statement

Approved: R – Darren Beattie, Senior Official, Under Secretary for Public Diplomacy [ok]
**I confirm the drafter received guidance on this paper's intent, objectives, topics, scope, and structure.** ☒ Yes ☐ No

Drafted:    Privacy Act Protected

SBU - DELIBERATIVE PROCESS

Cleared:

| Bureau | Name | Clearance Status |
|--------|------|------------------|
| CA | Privacy Act Protected | (ok) |
| CA | | (ok) |
| CA/VO | | (ok) |
| CA/VO | | (ok) |
| L/FO | | (ok) |
| L/CA | | (ok) |
| D | | (ok) |
| P | | (ok) |
| DRL | | (ok) |
| C | | (ok) |
| S/P | | (ok) |
| EB | | (ok) |



SBU – DELIBERATIVE PROCESS