UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

COALITION FOR INDEPENDENT
TECHNOLOGY RESEARCH.,

Plaintiff,

v.

MARCO RUBIO, *et al*.,

Defendants.

Civil Action No. 26-815 (JEB)

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION
<u>FOR PROTECTIVE ORDER</u>**

Defendants oppose Plaintiff's Motion For Protective Order, ECF No. 10, which prematurely seeks an order barring Defendants from taking any retaliatory actions against anyone tangentially involved in these proceedings. ECF No. 10 at 1. Defendants would take any alleged retaliation against litigants very seriously and are committed to thoroughly investigating all such allegations that might arise in the future. However, Plaintiff's proposed protective order essentially appoints the Court as first reviewer of any government actions taken against anyone tangentially related to the suit. Such an order is unwarranted, overbroad, and premature. This is particularly so given there is no allegation that retaliation has occurred. Thus, the Court should deny Plaintiff's Motion For Protective Order.

**I.      The Motion Is Not For A Protective Order, But To Prematurely Enjoin
Defendants' Action.**

The motion does not seek a protective order as that term is used by the Federal Rules of Civil Procedure. Typically, such orders are confined to matters of discovery. *See* 8A Fed. Prac. & Proc. Civ. § 2036 (3d ed.) ("Grounds for Protective Orders") ("Rule 26(c) was adopted as a safeguard for the protection of parties and witnesses in view of the almost unlimited right of

discovery given by Rule 26(b)(1)."); *see, e.g.,* Fed. R. Civ. P. 26(b)(2) ("On motion to compel discovery or for a protective order, the party from whom discovery is sought must show that the information is not reasonably accessible because of undue burden or cost."); Fed. R. Civ. P. 26(c)(1) ("A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending—or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken."). At the current stage of this litigation–where Defendants have not even been given the opportunity to fully respond to the Complaint–any protective order is premature. And here, the Protective Order provides Plaintiff with prospective relief that proscribes the Government's conduct unrelated to discovery and a quick path to contempt and sanctions motion practice if Plaintiff is dissatisfied. The Protective Order thus is in the nature of a prospective injunction and requires compliance with Rule 65(d).

## II.    Plaintiff's Motion Does Not Comply With Rule 65(d).

The Protective Order fails to comply with Rule 65(d), which requires an injunction to "state its terms specifically" and "describe in reasonable detail . . . the act or acts restrained or required." Fed. R. Civ. P. 65(d)(1). As the Supreme Court has explained, "the specificity provisions of Rule 65(d) are no mere technical requirements. The Rule was designed to prevent uncertainty and confusion on the part of those faced with injunctive orders, and to avoid the possible founding of a contempt citation on a decree too vague to be understood." *Schmidt v. Lessard*, 414 U.S. 473, 476 (1974). The rule embodies the elementary due process requirement of notice, and the drafting standard established by Rule 65(d) is that an ordinary person reading the court's order should be able to ascertain exactly what conduct is proscribed. *Id*. ("Since an injunctive order prohibits conduct under threat of judicial punishment, basic fairness requires that those enjoined receive explicit notice of precisely what conduct is outlawed."). To be sure, the Government already

cannot retaliate against parties for appearing in Court. *Tincher v. Noem,* 164 F.4th 1097, 1099 (8th Cir. 2026) ("[d]irections not to retaliate . . . are simply commands to obey the law, which are not specific enough" under Rule 65(d)) (cleaned up); *Reid v. Buttigieg*, Civ. A. No. 20-1262 (TJK), 2023 WL 2184549, at *9 (D.D.C. Feb. 23, 2023) (the government "already must refrain from illegal retaliation"; "[t]he Court cannot issue an obey-the-law injunction" against retaliation). The Protective Order, which essentially requires Defendants to follow the law, thus is an improper injunction under Rule 65(d).

### III.    The Court Lacks Jurisdiction To Issue Plaintiff's Anti-Retaliation Injunction.

Further, the Court also lacks jurisdiction to grant a preliminary injunction because Plaintiff does not allege retaliation in its complaint. Courts have held that plaintiffs may not obtain preliminary injunctive relief based upon claims that defendants unlawfully retaliated against plaintiffs for bringing a legal action if the retaliation allegations are not contained in the complaint. *Adair v. England*, 193 F. Supp. 2d 196 (D.D.C. 2002) is illustrative. In that case, plaintiffs, chaplains in the Navy, alleged that the Navy issued new directives to chaplains directly in retaliation for the plaintiffs' lawsuit alleging that certain Christian groups received preference in hiring, retention, and promotion decisions. *Id*. at 199. But when the plaintiffs requested a preliminary injunction from the court staying the implementation of the new allegedly retaliatory directives, the court dismissed the motion for lack of jurisdiction because the plaintiffs' retaliation allegations were not included in plaintiffs' complaint. *Id*. at 198. In so deciding, the court noted that "the only connections between the underlying lawsuit and the motion for a preliminary injunction are that both involve the plaintiffs and the defendants, and that the plaintiffs believe the defendants are retaliating against them because of the underlying lawsuit." *Id.* at 200. Thus, like

in *Adair*, the Court lacks jurisdiction to issue an anti-retaliation preliminary injunction because there is no allegation of suit-related retaliation.

## IV.    The Motion Improperly Seeks Far-Ranging Relief.

Plaintiff seeks extraordinary relief premised only on unsubstantiated fears of retaliation. In short, the Protective Order assumes bad faith from the Government, and then prematurely appoints this Court as the initial reviewer of all Government action taken against anyone tangentially related to this litigation. And Plaintiff requires Defendants to provide them and the Court legal justification if anyone involved tangentially in the suit (including their "family") is subject to an adverse immigration action within 72 hours. *Id.* at ¶ 5. This extraordinary remedy would permit the Court to have jurisdiction over all adverse immigration actions for anyone tangentially related to the suit, which is precluded by 8 U.S.C. § 1252. ECF No. 45 at 32–39 (explaining statutory jurisdictional bar for removal proceedings). And the Order seeks to not only enjoin all immigration actions, but also to enjoin Defendants from "otherwise tak[ing] any adverse action against noncitizens in retaliation for their participation, or their family member's or colleague's participation, in this lawsuit." ECF No. 10-2 at ¶ 4. "Any adverse action" is a broad, undefined term seemingly applying to all government action. *Id.* ¶ 4. The proposed order further vaguely mandates Defendants inform all government employees or agents "in any way connected with the subject matter of this lawsuit" about the proposed protective order and then to engage in unspecified "ongoing, diligent efforts" to remind them. *Id.* ¶ 2.

Finally, the proposed order permits the Court to "retain jurisdiction to enforce this Order following termination of the lawsuit", *id.* ¶ 8, which would improperly permit the Court to immediately review any adverse actions against persons tangentially related to the suit long after

the conclusion of any litigation. And despite seeking this extraordinary and wide-ranging relief, Plaintiff does not even point to a single instance of alleged retaliation to date.

Such an Order is extremely prejudicial to the Government. First, the compliance burden on the Government is self-evident. It would require monitoring enforcement actions across all agencies while maintaining a comprehensive registry of CITR members, their extended families, and any additional individuals identified by the Plaintiff to cross-reference government actions.

Second, the proposed protective order improperly interferes with the Executive Branch's administration of immigration laws–as well as any government enforcement proceeding–against one of Plaintiff's members or their "family members." Plaintiff would be able to haul Defendants to Court to address allegations of retaliation, without the need to go through any administrative process and without allowing Defendants the opportunity to investigate claims of misconduct. *Twelve John Does v. D.C.,* 117 F.3d 571, 579 (D.C. Cir. 1997) ("[e]very act adverse to one of the protected parties … creates at least a risk of contempt proceedings whose outcome would turn on elusive questions of motivation"). Such a concern would stymie lawful government actions and interfere with the administration of the law.

## CONCLUSION

Because the Protective Order is premised on unsubstantiated factual allegations and otherwise violates requirements of Rule 65(d), Defendants respectfully request that the Court deny Plaintiff's Motion.

*    *    *

- 6 -

Dated: April 27, 2026

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By: */s/ Zachariah Weston Lindsey*

Zachariah (Zack) Weston Lindsey
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
202-252-6612

*Attorneys for the United States of America*