**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| COALITION FOR INDEPENDENT TECHNOLOGY RESEARCH,<br><br>      Plaintiff,<br><br>   v.<br><br>MARCO RUBIO, in his official capacity as Secretary of State; MARKWAYNE MULLIN, in his official capacity as Secretary of Homeland Security; and TODD BLANCHE, in his official capacity as Acting Attorney General of the United States,<br><br>      Defendants. | Civil Action No. 1:26-cv-00815 (JEB) |

**REPLY IN SUPPORT OF MOTION FOR PROTECTIVE ORDER BARRING RETALIATION AND RESTRICTING DEFENDANTS' USE OF INFORMATION DISCLOSED IN THE COURSE OF LITIGATION**

Plaintiff Coalition for Independent Technology Research ("CITR") submits this reply in support of its motion for a protective order barring the government from retaliating against CITR or its members for their participation in this lawsuit, and to restrict Defendants' use of identifying or other sensitive information disclosed in the course of this lawsuit, ECF No. 10. Defendants oppose the motion, arguing that CITR's motion for a protective order is premature, unsupported, and overbroad. Defs.' Opp. 1, ECF No. 46. It is not.

1.      <u>The motion is not premature.</u> Defendants argue that protective orders are typically "confined to matters of discovery," Defs.' Opp. 1, and that this motion is premature because discovery has not commenced in this case. But "[c]ourts in this District have rejected this same argument in several APA cases" involving no discovery. *Doe v. Mayorkas*, No. CV 20-2521, 2021 WL 9036563, at *2 (D.D.C. Feb. 8, 2021) (citing *Standing Rock Sioux Tribe v. U.S. Army Corps*

*of Eng'rs*, 249 F. Supp. 3d 516, 520 (D.D.C. 2017)). Courts have entered protective orders to shield plaintiffs in APA cases from broader exposure of their information within the U.S. government than they might otherwise face. *See, e.g.*, *id.*; *S.E.C. v. R.J. Reynolds Tobacco Holdings, Inc.*, No. MISC.A.03-1651, 2004 WL 3168281, at *13 (D.D.C. June 29, 2004); *cf. Cazorla v. Koch Foods of Miss., L.L.C.*, 838 F.3d 540, 561 (5th Cir. 2016) (recognizing that plaintiffs "reasonably might fear disclosure of their status to certain authorities, but not others"). And courts have entered protective orders to shield plaintiffs from retaliation based on the information provided in the course of litigation. *See Goninan v. Wash. Dep't of Corr.*, No. 3:17-cv-05714, 2018 WL 4630205, at *2 (W.D. Wash. Sept. 26, 2018) ("Though more commonly used during discovery to insulate sensitive discovery materials, a protective order may also be used to protect a party or potential party from intimidation or retaliation."); *see, e.g.*, Stipulated Protective Order ¶ 4, *Doe v. Wolf*, Civ. No. 19-3787 (D.D.C. May 28, 2020), ECF No. 18 ("Protected Information may not be used or disclosed to any person, employed by Defendants or otherwise, for the purposes of pursuing removal proceedings, raising Plaintiff's profile within the agency, or otherwise retaliating against or taking any adverse immigration action against Plaintiff."); *U.S. EEOC v. SOL Mexican Grill LLC*, No. 18-CV-2227, 2019 WL 2896933, at *2 (D.D.C. June 11, 2019); *Doe v. Noem*, No. 1:25-CV-10495, 2025 WL 990635, at *2 (D. Mass., Apr. 2, 2025) (protecting plaintiffs' anonymity on preliminary injunction motion because "the perceived risk of proceeding without a pseudonym—deportation—is precisely the harm Plaintiffs seek to prevent by participating in the lawsuit" and disclosure "would unacceptably deter" their litigation).

2.    CITR moved this Court for a protective order in anticipation of filing declarations from its representative and its members in support of its Motion for a Section 705 Stay and Preliminary Injunction, ECF No. 11—information that Defendants did not already possess and

which, CITR and its members fear, could be used by Defendants to target them for adverse actions under the very policy they are challenging. Because protective orders are not limited to discovery as Defendants suggest, there is no reason to treat the present motion as a motion for anything other than a protective order, or to evaluate it under any standard other than the applicable "good cause" standard. Defendants' arguments regarding the standards applicable to injunctions are therefore inapt, *see* Defs.' Opp. 2–4, and their reliance on *Reid v. Buttigieg* is misplaced. Civ. A. No. 20-1262, 2023 WL 2184549, at *9 (D.D.C. Feb. 23, 2023) (denying an injunction to prevent plaintiff's employer from future unlawful retaliation).

3.    <u>The motion is supported.</u> The government asserts that an order barring retaliation is not necessary because CITR has not alleged that the retaliation has already taken place, *see* Defs.' Opp. 3, but this gets things backwards. The order CITR seeks is necessary to *prevent* the retaliation that it and its members reasonably fear, and it is difficult to understand what possible interest the government could have in resisting an order that simply prevents unlawful retaliation. For these reasons, CITR need not identify in advance members who have been retaliated against before obtaining an order to prevent such retaliation. *See United States v. Microsoft Corp.*, 165 F.3d 952, 960 (D.C. Cir. 1999) (Rule 26(c)'s good cause standard "is a flexible one that requires an individualized balancing of the many interests that may be present in a particular case"); *Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1065 n.5 (9th Cir. 2004) ("[C]ourts often fashion protective orders designed to protect against anticipated retaliation."). CITR cannot meet that logically unmeetable burden, of course, because the retaliation against which they seek protection is retaliation for their participation in this very lawsuit—not retaliation for prior activities. The Court has ample discretion to address that feared retaliation through a protective order. *See Seattle Times Co. v.*

*Rhinehart*, 467 U.S. 20, 36 (1984) ("Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required.").

4.      Instead, CITR need show only that its fears of retaliation are well-founded, which it has done. As CITR noted in its motion, multiple federal courts have now concluded that government officials (including Defendants) have taken adverse immigration actions against noncitizens in retaliation for their First Amendment–protected activities. *See* Pl.'s Mot. 2–3. Courts have also concluded that government officials have taken other, non-immigration-related actions against individuals and organizations in retaliation for their First Amendment–protected activities. *See* Pl.'s Mot. 3–4. The administration's retaliatory conduct has been overt, as numerous courts have recognized. *See, e.g.*, *Zaid v. Exec. Off. of President*, 815 F. Supp. 3d 113, 121 (D.D.C. 2025) ("[T]his court joins the several others in this district that have enjoined the government from using the summary revocation of security clearances to penalize lawyers for representing people adverse to it." (citing cases)). CITR cannot assume that Defendants will refrain from similar retaliation for its exercise of the right to petition in this case. *See Fed. Educ. Ass'n v. Trump*, 795 F. Supp. 3d 74, 90–92 (D.D.C. 2025) (collecting cases and recognizing that "in just six months" the executive branch "may have forfeited the right to such a presumption of regularity"). Moreover, Defendants' unwillingness to negotiate, let alone agree to, an anti-retaliation protective order underscores CITR's concerns.

5.      The proposed order is sufficiently tailored. CITR endeavored to fashion an order requiring limited judicial intervention only in cases that directly threaten the retaliation CITR and its members fear. Plaintiff's proposed order would forbid Defendants from taking any adverse immigration actions against CITR or its members in retaliation for their participation in this lawsuit, *see* Proposed Protective Order ¶ 4, ECF No. 10-2, or from otherwise using any

4

information elicited in this lawsuit in connection with any effort to take an adverse immigration action against noncitizens identified through this lawsuit, *see id.* ¶ 3. But the order would not interfere with Defendants' ability to defend against CITR's claims. *Cf. Doe v. Provident Life & Acc. Ins. Co.*, 176 F.R.D. 464, 471 (E.D. Pa. 1997) (limiting the use of a plaintiff's identity to "the prosecution or defense of the claims herein").

6.      The proposed order would not interfere with Defendants' immigration enforcement mandate, either. *See Doe*, 2021 WL 9036563, at *4 (noting that "defendants do not articulate how the proposed order would disrupt immigration administration or enforcement" and that "the same defendants consented to the entry of a protective order substantially similar to the one proposed by plaintiff here under similar circumstances in another APA administrative review case less than a year ago"); *contra* Defs.' Opp. 4–5. Any good-faith enforcement action against CITR or its members based on information generated independently from this lawsuit and taken without any retaliatory motive could of course go forward. The protective order would prevent only improper retaliation. Nor would the protective order conflict with 8 U.S.C. § 1252. Defendants do not specify which provisions of § 1252 ostensibly preclude the proposed protective order. *See* Defs.' Opp. 4. But the Supreme Court has interpreted § 1252's jurisdictional provisions narrowly, *see, e.g.*, *Biden v. Texas*, 597 U.S. 785, 798 (2022); *DHS v. Regents of the Univ. of Cal.*, 591 U.S. 1, 19 (2020), and any later review of the government's violations of the protective order would be distinct from the judicial review of removal orders and removal proceedings that § 1252 generally concerns. *Cf. Refugee & Immigrant Ctr. for Educ. & Legal Servs. v. Mullin*, No. 25-5243, 2026 WL 1110616, at *25 (D.C. Cir. Apr. 24, 2026) (holding that requiring government to execute removals only in accordance with law does not violate § 1252(f)(1)). Indeed, other courts have recently entered similar orders prohibiting the government from using information elicited during

5

litigation "for any immigration enforcement purpose," including after the litigation ends. *Am. Ass'n of Univ. Professors*, No. 1:25-cv-10685 (D. Mass. June 10, 2025), ECF No. 124 ("No noncitizen providing evidence shall, by reason thereof, suffer any adjustment in their immigration status."); *Doe v. Noem*, No. 25-cv-10495, 2025 WL 990635, at *1 n.1 (D. Mass. Apr. 2, 2025); Stipulated Protective Order ¶¶ 4, 7, *Wolf*, No. 19-3787, ECF No. 18 (prohibiting use of protected information "for the purposes of pursuing removal proceedings," "even after final disposition of this litigation"). In sum, CITR requests a protective order. It does not seek to enjoin the government's enforcement of immigration laws.

7.      Accordingly, for good cause shown and to safeguard the integrity of these proceedings, this Court should enter an order prohibiting Defendants from retaliating against any individual or entity for their participation in this lawsuit, and restricting Defendants from using information disclosed during this lawsuit in a retaliatory manner.

May 4, 2026                                    Respectfully submitted,


/s/ *Nicole Schneidman*                        /s/ *Carrie DeCell*
Nicole Schneidman*                             Carrie DeCell (D.C. Bar No. 1015491)
Protect Democracy Project                      Raya Koreh (D.D.C. Bar No. NY0712)
2020 Pennsylvania Avenue NW, Suite 163         Kiran Wattamwar*
Washington, DC 20006                           Anna Diakun*
(202) 579-4582                                 Katie Fallow*
naomi.gilens@protectdemocracy.org              Alex Abdo*
                                               Jameel Jaffer (D.D.C. Bar No. MI0067)
                                               Knight First Amendment Institute
                                                 at Columbia University
                                               475 Riverside Drive, Suite 302
                                               New York, NY 10115
                                               (646) 745-8500
                                               carrie.decell@knightcolumbia.org

                                               *Counsel for Plaintiff*

                                               * Admitted *pro hac vice*.

**CERTIFICATE OF SERVICE**

I, the undersigned counsel, certify that on May 4, 2026, I electronically filed the foregoing in the U.S. District Court for the District of Columbia using the CM/ECF system.


/s/ *Carrie DeCell*
Carrie DeCell

7