**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

COALITION FOR INDEPENDENT TECHNOLOGY RESEARCH,

Plaintiff,

v.

MARCO RUBIO, in his official capacity as Secretary of State; MARKWAYNE MULLIN, in his official capacity as Secretary of Homeland Security; and TODD BLANCHE, in his official capacity as Attorney General of the United States,

Defendants.

Civil Action No. 1:26-cv-00815 (JEB)

# MOTION TO CLARIFY STAY ORDER

Plaintiff Coalition for Independent Technology Research ("CITR") moves the Court for an order (a) clarifying this Court's July 14, 2026 Order granting in part CITR's Motion for Section 705 Stay and Preliminary Injunction, ECF No. 53 ("Order"), and (b) granting such other relief as necessary to ensure that Defendants are fully complying with the Court's Order. In support of this motion, CITR respectfully states the following.

1. On March 26, 2026, CITR filed a Motion for Section 705 Stay and Preliminary Injunction, seeking an order from the Court staying, pursuant to 5 U.S.C. § 705, Defendants' policy of excluding and deporting noncitizens whose work involves combatting misinformation and disinformation, fact-checking, content moderation, trust and safety, or compliance (the "Policy"), and preliminarily enjoining Defendants from enforcing the Policy. ECF No. 11.

2. On July 14, 2026, the Court issued an Order granting in part CITR's Motion for Stay and Preliminary Injunction. The Court ordered that:

> Defendants' policy of subjecting noncitizens to visa denial or revocation, exclusion, or removal based on research, reporting, advocacy, or other work involving misinformation, disinformation, fact checking, content moderation, compliance, or trust and safety is STAYED pursuant to 5 U.S.C. § 705 pending resolution of this action.

ECF No. 53 at 1 ("Stay Order" or "Order"). In the accompanying Memorandum Opinion, the Court found that Defendants' policy encompassed not only a May 2025 memorandum and announcement of a new visa restriction policy, but also a December 2025 State Department cable to consular officers (the "Cable") and subsequent enforcement actions that expanded the policy announced in May. ECF No. 54 ("Mem. Op."), at 12–16, 37–38, 46, 49–50.

3. As reported in the press and summarized by the Court in its opinion, the Cable "invoked the May policy to establish new criteria for H-1B visas typically used by tech companies," instructing consular officers "to 'thoroughly explore' applicants' 'work histories,' 'resumes, LinkedIn profiles,' and media appearances for involvement in 'combatting misinformation, disinformation or false narratives, fact-checking, content moderation, compliance, and trust and safety,' and, upon discovering such involvement, to 'pursue a finding that the applicant is ineligible for a visa.'" Mem. Op. 7 (quoting NPR article). The Court found that the Cable "is a standing, programmatic directive that applies the policy's criteria to every covered visa applicant whose work history touches the enumerated fields." *Id.* at 46; *see id.* at 43 (describing the Cable as one of the Policy's "operative instruments"). And the Court correctly concluded that CITR challenged "the policy-level criteria the Department has directed its officers to apply, not the outcome of any one decision." *Id.* at 50.

4. On July 15, 2026, CITR's counsel emailed Defendants' counsel to ask how Defendants were complying with the Stay Order, noting CITR's counsel's view that the Order required rescission of the Cable while this case proceeds. On July 24, 2026, Defendants conveyed their view that the Order did not cover the Cable's Policy-specific vetting directives, but rather

only final "visa denial or revocation, exclusion, or removal" decisions under the relevant statutory provisions, which must be made by the Secretary of State or his designee. *See* 8 U.S.C. §§ 1182(a)(3)(C), 1227(a)(4)(C).

5. Counsel for the parties have since engaged in discussions to reach a mutual understanding of the scope of the Stay Order. Through those discussions, Defendants' counsel explained that only part of the Cable related to the Policy, so the Stay Order could not cover the Cable in its entirety. At CITR's counsel's request, Defendants' counsel provided a redacted copy of the Cable on August 11, 2026, on an attorneys'-eyes-only basis. Having reviewed the redacted copy of the Cable, CITR's counsel agreed that only three paragraphs of the Cable are part of the Policy. CITR's counsel maintained, however, that the Court's stay of "Defendants' policy" applies to those three paragraphs of the Cable, given the Court's clear conclusion that the Cable was part of the Policy. Defendants' counsel disagreed, maintaining that the Order covered only final determinations under the Policy, not the vetting conducted or ineligibility findings made to support those determinations. Consistent with this view, Defendants' counsel maintains that Defendants are free to continue to implement portions of the Policy reflected in the Cable, and indeed, Defendants' counsel confirmed that consular officers are still implementing portions of the Policy. Defendants' position is that all aspects of the Policy remain in effect except for the very last step—final determinations of inadmissibility by the Secretary of State or his designee.

6. To resolve the parties' disagreement, CITR's counsel proposed the present motion to clarify the Stay Order. Pursuant to Local Civil Rule 7(m), counsel for the parties met and conferred regarding this motion on August 12, 2026. Defendants' counsel opposes this motion. Defendants' counsel consents to the accompanying motion for leave to file under seal the redacted copy of the Cable provided to CITR's counsel on an attorneys'-eyes-only basis.

7. The Court should grant the present motion to clarify that the Stay Order encompasses the three paragraphs of the Cable that are part of the Policy. Defendants' position that the Stay Order applies only to final determinations under the Policy—not to any additional directives present in the Cable regarding the vetting of visa applicants and pursuit of ineligibility findings against them under the Policy—plainly contradicts the Court's findings and conclusions. *See supra* ¶ 3. The Court "stay[ed] the challenged policy," Mem. Op. 58, after recognizing that CITR "challenges the Government's policy *in toto*, and the relief it seeks runs to the policy itself," irrespective of whether the policy's directives result in "downstream immigration decisions," *id.* at 31. Indeed, as the Court correctly concluded, CITR challenges "the policy-level criteria the Department has directed its officers to apply, not the outcome of any one decision." *Id.* at 50. Moreover, the Cable's Policy-specific directives are one source of the irreparable harm that justified preliminary relief under § 705. *See id.* at 53 (addressing both the December Cable and enforcement actions in concluding that "[t]he resulting chill . . . deepens each day the policy remains in force").

8. Accordingly, CITR respectfully requests that this Court issue a further order (a) clarifying that the third paragraph of the Order staying "Defendants' policy" applies to the three paragraphs of the Cable that are part of the Policy, (b) ordering Defendants to immediately inform consular officers that those paragraphs of the Cable are stayed and not currently in effect, and (c) directing Defendants' counsel to file a status report within seven days of the Court's ruling on this Motion certifying compliance with the requested order. A proposed order is submitted herewith.

August 17, 2026

Respectfully submitted,

/s/ *Nicole Schneidman*
Nicole Schneidman*
Protect Democracy Project
2020 Pennsylvania Avenue NW, Suite 163
Washington, DC 20006
(202) 579-4582
nicole.schneidman@protectdemocracy.org

/s/ *Raya Koreh*
Raya Koreh (D.D.C. Bar No. NY0712)
Carrie DeCell (D.C. Bar No. 1015491)
Kiran Wattamwar*
Anna Diakun*
Katie Fallow* (D.C. Bar No. 462002)
Alex Abdo*
Jameel Jaffer (D.D.C. Bar No. MI0067)
Knight First Amendment Institute
at Columbia University
475 Riverside Drive, Suite 302
New York, NY 10115
(646) 745-8500
raya.koreh@knightcolumbia.org

*Counsel for Plaintiff*

* Admitted *pro hac vice*.