UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| COALITION FOR INDEPENDENT TECHNOLOGY RESEARCH,<br><br>Plaintiff,<br><br>v.<br><br>MARCO RUBIO, *et al*.,<br><br>Defendants. | Civil Action No. 26-0815 (JEB) |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S**
**SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION TO CLARIFY STAY ORDER**

On October 1, 2026, the Court ordered supplemental briefing on whether Paragraph 8 of the December Cable falls within the scope of the Court's Stay Order. Because Paragraph 8 concerns only vetting, which the Stay Order does not cover, it falls outside the Stay Order's scope.

Paragraph 8 only instructs consular officers to "thoroughly explore" a visa applicant's "employment activities" for conduct that may fall under the May Policy. December Cable, ECF No. 57-1, ¶ 8. Plaintiff incorrectly characterizes the search terms listed in Paragraph 8 as a "non-exhaustive list of possible examples of those activities" covered by the Policy to suggest it expands the Policy's scope. Plaintiff's Supplemental Brief, ECF No. 69, at 2. However, those terms instead only identify employment-related indicators that may warrant further review into whether an applicant engaged in conduct covered by the Policy. December Cable ¶ 8. Those search terms do not independently define the Policy's scope. And critically, Paragraph 8 only authorizes consular officers to investigate a visa applicant's work history. That may uncover conduct that the Court held the Department could still consider in denying a visa. For example, the consular officer could uncover that a visa applicant served as a foreign official that "wield[ed] sovereign authority to

suppress protected expression in the United States." Opinion, ECF No. 54, at 47; *id.* at 54 (noting a stay "would prevent only the application of the challenged policy in a manner likely to violate the First Amendment."). At bottom, Paragraph 8 merely authorizes vetting of an applicant's job history.

The Stay Order's scope did not include vetting. The Stay Order only stayed final agency actions that subject "noncitizens to *visa denial or revocation, exclusion, or removal* based on research, reporting, advocacy, or other work involving misinformation, disinformation, fact checking, content moderation, compliance, or trust and safety." Stay Order, ECF No. 53, ¶ 3 (emphasis added). Vetting is neither covered by the Stay Order nor prohibited in the accompanying opinion. *See also* Defendant's Opposition to Motion to Clarify, ECF No. 58, at 2-3 (discussing the actions stayed by the Stay Order). Plaintiff incorrectly suggests vetting was included because the Court's Order discusses "visa screening." Plaintiff's Supplemental Brief, ECF No. 69, at 4. But read in context, "visa screening" refers to the policy's application in making visa determinations, not the antecedent process of vetting applicants. Opinion, ECF No. 54, at 47. The Stay Order confirms that distinction by expressly identifying the final agency actions it stays without mentioning vetting. Because the Order reaches only specified final agency actions, it does not prohibit the Defendants from vetting visa applicants for censorship of protected expression in the United States.

Plaintiff's efforts to parse through the Court's Opinion underscore the critical problem with its position: the Stay Order itself does not identify the conduct Plaintiff targets. Plaintiff argued in its reply to its motion to clarify that a stay order need not satisfy Rule 65(d)'s specificity requirements. Plaintiff's Reply Brief, ECF No. 61, ¶ 1. But a stay targets specific agency actions and to "postpone the effective date" of such actions. 5 U.S.C. § 705. A stay does not authorize

broader relief than a preliminary injunction. And a stay order still requires at least the same level of specificity as a preliminary injunction order because the Defendants must still be able to determine what conduct the Order prohibits. As the Supreme Court has explained, "the specificity provisions of Rule 65(d) are no mere technical requirements. The Rule was designed to prevent uncertainty and confusion on the part of those faced with injunctive orders, and to avoid the possible founding of a contempt citation on a decree too vague to be understood." *Schmidt v. Lessard,* 414 U.S. 473, 476 (1974); Defendant's Opposition to Motion to Clarify, ECF No. 58, at 1–2 (discussing specificity requirements). Extending the Stay Order to vetting, which the Order does not mention, would lead to precisely the uncertainty that specificity requirements are designed to prevent.

Finally, Plaintiff again attempts to shift the focus from the activities the Court stayed to the broader scope of the claims raised in its preliminary injunction motion. Plaintiff's Supplemental Brief, ECF No. 69, at 4. But the question is not what Plaintiff challenged; it is what the Court stayed. Plaintiff's arguments about the merits of its broader challenge do not expand the Stay Order's scope and should be rejected.

Because the Order does not prohibit vetting, the Court should not stay Paragraph 8 of the Cable.

* * *

Dated: October 15, 2026

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By: */s/ Zachariah Weston Lindsey*
Zachariah (Zack) Weston Lindsey
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
202-252-6612

*Attorneys for the United States of America*